MARTIN v. SEIGLER.

Testator left all of his estate to his wife for life and then to his infant daughter ; if his wife remarried, his estate was then to vest in his daughter in fee simple ; and if both lived and his daughter married, then the estate was to be equally divided between them. The daughter married and afterwards the widow remarried. *Held*, that on the marriage of the widow, the estate vested absolutely in the daughter.

Before PRESSLEY, Edgefield, August, 1889.

Action by Emma W. Martin against Anna W. Seigler for partition. The Brief consists of will, decree, and grounds of appeal. The decree, after quoting the clause of the will, proceeds as follows :

The plaintiff is the widow of the testator, Robert Price, and the defendant is the daughter. Since the death of Robert Price, his widow has intermarried with Harry D. Martin. The defendant, Anna M., has intermarried with J. D. Seigler. It is admitted that the marriage of the defendant was prior in date to that of the plaintiff.

From my construction of the will of the said Robert Price, it is immaterial which one of the parties married first. I hold that upon the marriage of the plaintiff, she forfeited whatever interest she took under the will of Robert Price; and that upon her marriage, the fee to the land in question vested in the defendant, Anna M. Seigler.

It is ordered, adjudged, and decreed, that the complaint of the plaintiff be dismissed with costs.

Nó counsel.

March 13, 1890. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. Robert Price, of Edgefield, departed this life, possessed, among other things, of a tract of land, and leaving as his heirs only a widow, Emma A., and "a little daughter," Anna Maria. He left a will, which contained the following clause: "After all my just and legal debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath, and dispose of as follows, to wit: To my beloved wife, Emma W. Price, the land and appurtenances situated thereon, known and described as a portion of the Pugle Price tract, deceased, now possessed by me, during the term of her single life, and after her death it is my will that all my real and personal estate be given to my little daughter, Anna Maria Price. It is my desire that my little daughter now be raised in the fear of the Lord, and a liberal education given her out of the proceeds of my estate. Should my wife at any time marry, then all my property, real and personal, I bequeath and give to my daughter, Anna M. Price, in fee simple; and should they both live and my daughter form an alliance or marry, then my estate to be equally divided, both real and personal, share and share alike," &c.

Some time after the death of the testator, his widow married

Harry D. Martin, and subsequently[1] Anna Maria, the daughter, married J. D. Seigler. The mother, Mrs. Martin, instituted this suit to partition the land between herself and her daughter. The only question was as to the proper construction of the will, considered in reference to the facts of the case. Judge Pressley held that it was immaterial which of the ladies married first; that upon the marriage of the mother, the plaintiff, she forfeited whatever interest she took under the will of Robert Price, and the fee of the land rested in the defendant, and he dismissed the complaint. From this decree the plaintiff has appealed to this court upon the sole ground that the Circuit Judge erred in his construction of the will.

The case was submitted without argument, but we do not think there is much difficulty about it. We concur with the Circuit Judge. The testator had a short, simple scheme in his mind. He intended to give a life estate in the land to the widow, with limitation over to his daughter, if they both remained unmarried until the death of the mother, thus giving them in their unprotected condition a home together; but if the daughter married, the mother still remaining single, the property was to be equally divided between them, giving each one of them a home; but if the mother married, she "then" forfeited whatever interest she took under the will, and was to look to her new protector to furnish her a home, whether the daughter remained single or married.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

---

[1] This is a mistake. See Circuit decree.—REPORTER.